UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK WERNER, *as trustee of The Fred Charles Werner Trust u/a 10/1/21*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:26-CV-43-ZMB |
| CHRISTOPHER WERNER and FLINT COOPER, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Mark Werner's (Mark) motion to remand this case for lack of subject-matter jurisdiction under 28 U.S.C. § 1332. Doc. 12. Mark argues that remand is necessary because the amount in controversy falls short of the jurisdictional threshold. *Id*. But he fails to specifically assert that he will not accept more than the jurisdictional threshold considering potential attorney's fees. Accordingly, the Court must deny his motion without prejudice.

**BACKGROUND**

**I.      Factual Background**

Mark originally filed this case in state court alleging breach of contract and, in the alternative, seeking a declaratory judgment to enforce a consent judgment. Doc. 5. Defendant Flint Cooper, LLC timely removed the case to this Court, invoking diversity jurisdiction. Doc. 1; *see* 28 U.S.C. § 1446(b)(1). Specifically, Flint Cooper alleges that this case "is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." Doc. 1 ¶ 5. Mark then filed a Motion to Remand, Doc. 11, arguing that section 1332(a)'s amount-in-controversy requirement is not met because Flint Cooper cannot show that the damages plausibly exceed the jurisdictional threshold, Doc. 12 at 1. He relies

partially on his post-removal declaration, in which he avers that "the claimed damages against [Flint Cooper] would be significantly less than $75,000." Doc. 12-1 ¶¶ 10–11. Flint Cooper counters that the amount-in-controversy is measured by the suit's intended benefit to plaintiff and adds that Mark also seeks $260,000 he asserts is owed to the Trust. Doc. 18 at 2. In reply, Mark claims that the $260,000 is not in dispute. Doc. 19 at 2. The remand motion is ripe for review.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As relevant here, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This amount includes not only actual damages but also punitive damages and statutory attorney fees. *See Peterson v. Travelers Indem. Co*., 867 F.3d 992, 995 (8th Cir. 2017).

Generally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Henderson v. State Farm Fire & Cas. Co.*, 113 F.4th 1042, 1050 (8th Cir. 2024) (citation omitted). But the defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence if challenged. *Id.* Once that burden is met, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted); *see also Peterson*, 867 F.3d at 995 ("The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the [amount-in-controversy allegation]." (quotation and alterations omitted)). As in other contexts, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

2

**DISCUSSION**

Mark moves to remand this case for lack of subject-matter jurisdiction under section 1332(a)—specifically claiming that the amount in controversy does not exceed $75,000. Doc. 12 at 2. But Mark fails to show with legal certainty that the damages are below the jurisdictional threshold. Thus, the Court must deny his remand motion at this time.

In his state court petition, Mark seeks damages "not only for the sums of money they have withheld and refused to disburse," but also for attorney fees, court costs, and any lost interest or opportunities "flowing from the deprivation of the sums to which he[] is entitled." Doc. 5 ¶¶ 31, 33. Although his petition specifies only that he seeks "damages in excess of $25,000," Flint Cooper's Notice of Removal includes a sparse but good-faith allegation that Mark's claims exceed the jurisdictional threshold. Doc. 1 ¶¶ 15–18.[1]

Once Mark challenged that assertion, Docs. 12, Flint Cooper pointed out that the total pecuniary interest of the claim to Mark exceeds $75,000, as Mark alleged that "FC has refused to disburse approximately $260,000 to the Trust." Doc. 18 at 1 (citing Doc. 5 ¶ 22). Moreover, in his Motion to Remand, Mark again asserts that "FC is . . . depriving the Trust of the benefit of $260,000." Doc. 12 at 3. Based on his own allegations, a fact finder might legally conclude that the value of the litigation exceeds $75,000, at least when considering fees and other damages.

Mark primarily relies on his Declaration in Support to undercut Flint Cooper's proof as to the amount in controversy. *See* Doc. 12 at 3; Doc. 12-1 ¶¶ 10–11. In some circumstances, a plaintiff's binding stipulation can suffice to prove to a legal certainty that the jurisdictional threshold is not met. *See Bowen v. LM General Ins. Co.,* No. 4:19-CV-931-JMB, 2019 WL 2372665, at *2 (E.D. Mo.

---

[1] Section 1446 authorizes a defendant to "assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not allow a plaintiff to demand a specific sum." 28 U.S.C. § 1446(c)(2)(A)(ii). Here, Missouri law prohibits Mark from demanding a specific amount, *see* MO. REV. STAT. § 509.050, allowing Flint Cooper to assert the amount in controversy.

June 5, 2019) (finding remand necessary based on an affidavit in which the plaintiff "averr[ed] that she '[would] not seek, ask for, or accept any amount of damages, including attorney fees, if any, in excess of $75,000.00, exclusive of interest and costs.'"). But Mark's declaration does not unequivocally affirm that he will not collect an amount in excess of $75,000. *See Wilson v. Empire Fire and Marine Ins. Co.*, Case No. 4:20-CV-1234-HEA, 2021 WL 3709651, at *2 (E.D. Mo. Aug. 20, 2021) ("Because Plaintiffs' affidavits do not unequivocally aver they will not collect an amount in excess of $75,000, [] they have not entered into a binding stipulation that the amount in controversy does not and will not exceed the Court's jurisdictional amount in controversy." (quotation omitted)). Rather, Mark merely states that he "do[es] not see how more than $75,000 is in controversy," Doc. 12-1 ¶ 11, and he even suggests that he could recover more than that amount if "this litigation goes on for an absurd amount of time," Doc. 19 at 2. As a result, Mark's Motion to Remand fails because he did not prove to a legal certainty that the amount in controversy is less than $75,000. *See, e.g.*, *Longo v. CCM Partners, LP*, No. 4:25-CV-669-ZMB, 2025 WL 2977765, at *2 (E.D. Mo. Oct. 22, 2025) (granting remand based on a second affidavit averring with certainty that the amount sought to be recovered was less than $75,000).[2]

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff Mark Werner's [11] Motion to Remand without prejudice.

So ordered this 17th day of June 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[2] If Mark intends to file a renewed motion for remand with an affidavit consistent with *Longo*, *see* 28 U.S.C. § 1447(c), he must do so by July 1, 2026. Otherwise, the Court will proceed with the pending motion to compel arbitration.